NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LORRAINE TOWNSEND,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant- Appellee.*

---

2012-5020

---

Appeal from the United States Court of Federal Claims in Case No. 11-CV-312, Senior Judge Eric G. Bruggink.

---

Decided: March 8, 2012

---

LORRAINE TOWNSEND, of Arlington, Virginia, pro se.

DELISA M. SANCHEZ, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and HAROLD D. LESTER, JR., Assistant Director. Of counsel was KAREN

A. NAPPO, Counsel, United States Department of Navy, of Washington, DC.

_____

Before BRYSON, MAYER, and MOORE, *Circuit Judges*.

PER CURIAM.

## DECISION

Lorraine Townsend appeals from an order of the Court of Federal Claims dismissing her claims for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. We affirm.

## BACKGROUND

Ms. Townsend was employed as an auditor for the Department of the Navy from July 20, 1986, to June 26, 2009. Throughout most of her tenure, Ms. Townsend was given good evaluations and was regularly promoted. In January 2004, Ms. Townsend filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging workplace discrimination because she did not receive a bonus and a promotion. In 2005 and 2006, she supplemented her discrimination complaint to include subsequent denials of bonuses and promotions. After her job performance was rated as unsatisfactory the following year, Ms. Townsend again amended her complaint to include that rating. She amended her complaint in 2008 after again receiving unsatisfactory ratings.

In 2008, Ms. Townsend and the Navy entered a settlement of her EEOC complaint whereby the Navy agreed to increase her rating and pay for 2007 if she maintained "good behavior" for six months. The settlement agreement defined "good behavior" as "turn[ing] in all of her

assignments" and "not rais[ing] her voice to her co-workers or her supervisors [and] not contradict[ing] her superiors in front of the auditees." The Navy later determined that Ms. Townsend had not maintained "good behavior" during that six-month period, and it therefore did not increase her rating or pay for 2007. Ms. Townsend complained that the Navy had breached the settlement agreement, but the agency rejected her claim. She then filed an appeal with the EEOC asserting that the Navy had breached the settlement agreement, but EEOC rejected her claim. In its opinion addressing her claim of breach, the EEOC noted that the agency had introduced statements from employees indicating that Ms. Townsend had raised her voice to agency employees on at least two occasions, to a co-worker and a supervisor, within the six-month period. The EEOC stated that Ms. Townsend had sought to explain those situations and had complained about the terms of the agreement, but had failed to provide any documentation to indicate that she had complied with the "good behavior" clause of the agreement. The EEOC therefore found that Ms. Townsend had breached the settlement agreement and that the agency was therefore not obligated to comply with its part of the agreement. Ms. Townsend sought reconsideration of that decision, which the EEOC denied.

In June 2009, the Navy terminated Ms. Townsend's employment for poor performance. She appealed her termination to the Merit Systems Protection Board. Following a two-day evidentiary hearing, the administrative judge who was assigned to the case held that the Navy's decision to remove Ms. Townsend was justified. The administrative judge also rejected her affirmative defenses of age discrimination and retaliation for having filed EEO claims.

Ms. Townsend then filed a complaint in the United States District Court for the District of Columbia in which she again raised her claims of age discrimination and retaliation, as well as claims asserting improper removal, breach of contract, and denial of various constitutional rights. The district court dismissed some of her claims on jurisdictional grounds and granted summary judgment as to others. *Townsend v. Mabus*, 736 F. Supp. 2d 250 (D.D.C. 2010). As to her claim of breach of contract, the district court understood that claim to be based on her contention that the Navy had breached the EEOC settlement agreement in 2009. The court noted that it did not have jurisdiction to address that claim and that contract claims against the government are ordinarily within the jurisdiction of the Court of Federal Claims. *Id.* at 251-52 n.2. The United States Court of Appeals for the District of Columbia Circuit affirmed the district court's order; as to the breach of contract claim, it noted, as had the district court, that claims based on contracts with the government fall within the jurisdiction of the Court of Federal Claims, not the district courts. *Townsend v. Dep't of the Navy*, No. 10-5332, 2011 U.S. App. LEXIS 17664 (D.C. Cir. Mar. 23, 2011) (unpublished).

Ms. Townsend then filed the present case in the Court of Federal Claims. In her complaint she raised all of the same issues that she had raised before the district court. Her complaint alluded to the agency's asserted breach of the EEOC settlement agreement and, in particular, to her claim that the denial of her request to cross-examine individuals who had made statements regarding that issue denied her due process. She made no other references in her complaint to any breach of contract. In her opposition to the government's motion to dismiss her complaint, however, Ms. Townsend argued that her employment with the government "is an employment

contract" and that pursuant to her employment contract, she had the right "not to be terminated without just cause; and the right for the United States[] agency to comply with federal regulations."

The Court of Federal Claims dismissed Ms. Townsend's complaint. The court interpreted her complaint to allege violations of her rights under the Fourteenth Amendment to the Constitution and Title VII of the Civil Rights Act of 1964 "in connection with personnel actions taken and not taken during her employment with the Navy." The court added that Ms. Townsend had alleged that "her rights were violated when the Navy did not consider her for a promotion, did not give her a bonus, gave her a poor performance rating, placed her on administrative leave, and eventually terminated her employment." The court first explained that it lacked jurisdiction over civil rights claims brought under the Fourteenth Amendment and the Civil Rights Act of 1964. The court then noted that, to the extent Ms. Townsend's complaint could be construed to allege statutory and constitutional objections to her ratings and termination, her claims had to be dismissed on res judicata grounds because they had already been considered and rejected by the United States District Court for the District of Columbia, which had held that there was a valid, non-discriminatory basis for Ms. Townsend's performance ratings and termination. Finally, the court noted that in her response to the motion to dismiss, Ms. Townsend alleged that the Navy had breached an employment contract with her. The court held, however, that she had failed to allege in her complaint or in any other submission to the court any facts that would give rise to a valid contract claim within the court's jurisdiction, because the benefits of federal employment flow from appointment, not from a contractual or quasi-contractual relationship.

DISCUSSION

On appeal, Ms. Townsend asserts that she was wrongfully terminated and that her termination was effected without the benefit of procedures required by agency regulations and due process. She adds that she has not had an opportunity to fully contest her termination in court.

The proper forum for Ms. Townsend to challenge her removal was the Merit Systems Protection Board. In fact, not only did she take advantage of her right to challenge her removal in that forum, she was afforded a full adversary hearing before the Board. Following the hearing, the Board administrative judge issued a lengthy opinion denying all of Ms. Townsend's claims, including her claim that her removal was unjustified, that the agency was guilty of age discrimination, that the agency retaliated against her for engaging in protected equal employment opportunity activities, and that the agency committed harmful procedural error in failing to follow statutory and regulatory requirements relating to her removal.

In the aftermath of that decision, Ms. Townsend filed an action in district court raising a variety of constitutional and statutory claims relating to her removal. The district court granted summary judgment as to all of those claims on the ground that Ms. Townsend had failed to adduce any specific facts showing that there was a genuine issue for trial on those claims. With respect to Ms. Townsend's assertion that the agency had breached the July 2008 EEOC settlement agreement, the district court held that the claim fell outside its jurisdiction; because the court concluded that the Court of Federal Claims "may have jurisdiction over plaintiff's claims that the government violated the settlement agreement be-

tween the parties," the court dismissed that claim without prejudice. *Townsend v. Mabus*, 736 F. Supp. 2d at 254 n.5.

Before the Court of Federal Claims, and again on appeal before this court, Ms. Townsend has focused on her alleged wrongful termination. She alleged that she was terminated without the required procedural measures and in violation of various statutory and constitutional protections. The Court of Federal Claims correctly held that it lacked jurisdiction over those claims and that, in any case, the issues relating to her removal had already been resolved in other proceedings. By the time Ms. Townsend filed her complaint in the Court of Federal Claims, the removal appeal before the Merit Systems Protection Board and the discrimination action before the district court had both become final. The Court of Federal Claims therefore properly held that efforts to obtain further review of her removal action in another forum were barred both because the Court of Federal Claims lacks jurisdiction over federal employee appeals from adverse agency actions, *see United States v. Fausto*, 484 U.S. 439 (1988), and because her removal challenges had already been decided by other jurisdictionally competent forums and were thus barred by principles of res judicata.

Relying on the district court's statement that the Court of Federal Claims might have jurisdiction over her contract-based claim of breach of the July 2008 EEOC settlement agreement, Ms. Townsend argued before the Court of Federal Claims that her employment with the Navy was "an employment contract" and that the Navy's conduct in removing her breached that contract. In fact, however, it is well settled that employment within the federal civil service system is a product of appointment, not contract, and that removal from federal civil service

does not give rise to an action for breach of contract within the jurisdiction of the Court of Federal Claims. *See United States v. Hopkins*, 427 U.S. 123, 128 (1976). Ms. Townsend was an appointed federal employee and, as such, cannot assert a breach of contract claim against the government that would lie in the Court of Federal Claims. *Hamlet v. United States*, 63 F.3d 1097, 1101 (Fed. Cir. 1995).

Contrary to Ms. Townsend's characterization, the issue that the district court noted might be within the jurisdiction of the Court of Federal Claims was not the alleged breach of her employment contract by her wrongful removal, but the alleged breach of the July 2008 EEOC settlement agreement. As this court has held, the breach of a settlement agreement can fall within the jurisdiction of the Court of Federal Claims under the Tucker Act, 28 U.S.C. § 1491(a)(1). *See Holmes v. United States*, 657 F.3d 1303 (Fed. Cir. 2011). However, Ms. Townsend did not focus on that breach-of-contract claim before the Court of Federal Claims; instead, she repeatedly stated that her claim arose from her removal from federal service and the breach of her purported "employment contract" with the United States. The only reference to the July 2008 EEOC settlement agreement in her complaint before the Court of Federal Claims was in paragraph 15 of the complaint, which reads in its entirety:

Plaintiff filed a non compliance request to the EEOC settlement agreement of July 2008 requesting a hearing to cross exam the individuals that made unsworn or unauthorized statements. Request was denied which was in violation of constitutional rights of Amendment 14 of due process.

It is not clear that the quoted paragraph was intended to state a separate claim for breach of the EEOC settlement agreement. Instead, that paragraph appears to be part of the complaint's recitation of the events leading to Ms. Townsend's removal, which she contends was effected for unlawful reasons and without due process.[1] In light of the fact that Ms. Townsend's briefing before the Court of Federal Claims focused on the claim that the Navy breached her employment contract by removing her without just cause and without due process, it was reasonable for the Court of Federal Claims to treat her contract claim as directed to her removal, not to the previous dispute over the July 2008 EEOC settlement agreement. Because the Court of Federal Claims cor-

---

[1] Ms. Townsend's allegation of noncompliance with the July 2008 settlement agreement was addressed and rejected by the EEOC. Many of the same allegations were also at issue in the Merit Systems Protection Board proceeding, where the administrative judge upheld the charges against Ms. Townsend after an adversary hearing at which she was given the opportunity to call witnesses and cross-examine the witnesses against her. Thus, even if the Court of Federal Claims had treated her settlement agreement allegations as constituting a separate breach-of-contract claim, the claim would appear to be foreclosed by the doctrine of issue preclusion based on the prior Merit Systems Protection Board and EEOC decisions. *See Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 107 (1991) (giving preclusive effect to prior administrative determination); *Univ. of Tenn. v. Elliott*, 478 U.S. 788, 797 (1986) ("[I]t is sound policy to apply principles of issue preclusion to the fact-finding of administrative bodies acting in a judicial capacity."); *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 421-22 (1966) (same); *Tex. Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1568 (Fed. Cir. 1996) (administrative agency decision may be given preclusive effect in subsequent court action unless Congress has indicated it intended otherwise).

rectly held that Ms. Townsend has no contract-based right to challenge her removal from federal service, the court properly ruled that her complaint had to be dismissed.

In short, Ms. Townsend has already had two opportunities to challenge her removal: before the Merit Systems Protection Board and before the United States District Court for the District of Columbia. She complains that she has not had an opportunity to present her side of the case regarding her removal and has not had the chance to challenge the evidence against her. To the contrary, she had that opportunity before the Merit Systems Protection Board, although she did not prevail in that forum despite having a full hearing on the propriety of her removal. She then failed to make a showing sufficient to persuade the district court that there were disputed facts relating to her constitutional and statutory challenges to her removal. The Court of Federal Claims properly held that she is not entitled to a third opportunity to challenge her removal in yet another forum.

No costs.

**AFFIRMED**